UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam, #3147, | ) C/A No. 3:08-2280-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Ms. NFN Goodman, Nurse, | ) |
| | ) |
| Defendant. | ) |

### *Background of this Case*

The plaintiff, Leo McClam, who is proceeding *pro se*, brings this civil action concerning his conditions of confinement.[1] The plaintiff has been civilly committed as a sexually violent predator ("SVP") to the South Carolina Department of Mental Health for treatment, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff claims that the defendant improperly punished the plaintiff by taking away his "fresh air break" after the plaintiff's room (in a "smoke free" unit) was searched and cigarettes were found on June 17, 2008. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is

subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint or petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## *Discussion*

The plaintiff is civilly confined at the Columbia Care Center, and the defendant apparently is employed as a staff member of that center. The plaintiff is, apparently, in the Behavioral Disorders Treatment Program. *See McClam v. Chavez*, C/A No. 3:05-1795-TLW-JRM, 2006 U.S.Dist. LEXIS® 30824, 2006 WL 1663797 (D.S.C., June 8, 2006).

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges: (1) on June 17, 2008, Officer Davidson and Officer Washington "shook down" the plaintiff's room and found some cigarettes in the four-man room but not in the plaintiff's belongings; (2) Nurse Goodman, the defendant in this case, refused to let the plaintiff go outside for his "fresh air" break on that day; (3) the plaintiff called the Ombudsman Investigator, Mr. Ball, and he ruled the investigation substantiated; (4) Officer Washington will testify that the plaintiff was doing his job

3

when the incident took place and was not smoking in his room, which is in a "smoke free" building; and (5) there is a policy that says when a person goes on restriction, he or she shall still go out one time daily at 5:55 p.m. In his prayer for relief, the plaintiff seeks: (1) a declaratory judgment that the defendant's actions were wrong; (2) $200 in actual damages; (3) $200 in punitive damages, (4) $200 in compensatory damages; (5) a court order firing the defendant from her job; (6) a court order placing the defendant in prison; and (7) other relief deemed appropriate by the court.

Giving liberal construction to the *pro se* pleading, this court gleans from the complaint that the plaintiff attempts to bring some type of federal question claim pursuant to 42 U.S.C. § 1983 based upon unconstitutional conditions of confinement and/or deliberate indifference to the plaintiff's serious medical or other need and/or procedural due process.[2] "Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions." *See McClam v. Chavez*, C/A No. 3:05-1795-TLW-JRM, 2006 U.S.Dist. LEXIS® 30824, 2006 WL 1663797 (D.S.C., June 8, 2006), *citing Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). "Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed." *Id.* Since the plaintiff's custody status resembles that of a pre-trial detainee, the plaintiff's conditions of confinement are to be evaluated under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979). Under this standard, the inquiry is whether any defendant has been deliberately indifferent to plaintiff's serious medical or other needs. *See Waybright v. Frederick Co., Md.,* No. 07-1289, ___ F.3d ___, 2008 U.S. App.

---

[2]"In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

4

LEXIS® 11755, 2008 WL 2232274 (4th Cir., June 2, 2008) (noting that the deliberate indifference standard applies where an individual and the state have a special relationship which is all but synonymous with a custodial relationship). Moreover, the Constitution may be violated if a detainee is subjected to "punishment." *Block v. Rutherford*, 468 U.S. 576 (1984).

Unfortunately for the plaintiff, a review of his complaint and applicable legal precedents reveal beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); and *Barefoot v. Polk*, 242 Fed.Appx. 82, 83, 2007 U.S. App. LEXIS® 16785, 2007 WL 2046729 (4th Cir., July 13, 2007) ("A pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief."). The plaintiff alleges that the defendant failed to give the plaintiff a "fresh air break"[3] on one occasion, June 17, 2008, as punishment for the finding of cigarettes in the plaintiff's four-person room. However, the plaintiff does not allege any serious medical need or other serious need that was deprived by the defendant's conduct. Even if it could be said that "fresh air breaks" are health related and that the plaintiff needed the fresh air break for his physical or mental health or that he needed a smoke break because he is addicted to cigarettes, the complaint alleges that this incident happened once and no injuries are alleged. Therefore, the conditions of confinement constitutional claim cannot be proved.

As to whether the defendant's conduct rises to the level of "punishment" prohibited by the Constitution, this court believes that a staff person's taking away the plaintiff's "fresh air break" on

---

[3] In the complaint filed in *Leo McClam v. Reggie Flimming or Reginal Flimming*, Civil Action No. 3:08-2026-TLW-JRM, the plaintiff refers to his "'smoke' fresh air break" with respect to another employee.

one occasion as punishment for breaking a rule concerning contraband is a reasonable relation to the purpose for which the plaintiff is committed. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (noting that in determining what is reasonable courts must be mindful to minimize interference with the internal operations of an institution for civilly committed individuals). The plaintiff is being treated in the "Behavioral Disorders Treatment Program" in a "smoke free" unit. The "smoke free" restrictions must be enforced by the staff. The defendant's conduct in taking away the plaintiff's "fresh air" break cannot under any set of facts rise to the level of "punishment" which violates the Constitution.

For the plaintiff to prove a procedural due process violation, the plaintiff would first have to show that he had a liberty interest in the "fresh air break." Applicable case law demonstrates that the plaintiff possesses a liberty interest in reasonably safe conditions of confinement and reasonably nonrestrictive confinement conditions. *Youngberg*, 457 U.S. at 324. The "fresh air break" at issue is not protected by the due process clause. *See Beauchamp v. Sullivan*, 21 F.3d 789 (7th Cir. 1994) (noting that a prison could hardly be thought to violate the Constitution by restricting smoking); *Thiel v. Nelson*, 422 F. Supp. 2d 1024, 1029 (W.D. Wis. 2006) (in a case brought by civilly committed SVP persons, the court noted that "[i]n upholding smoking restrictions, courts have held that smoking is not a liberty interest protected by the due process clause."). Moreover, it is well-settled that exposure to second-hand or environmental tobacco smoke is a valid civil rights claim. *Helling v. McKinney*, 509 U.S. 25 (1993). *See also Tudor v. Harrison*, 195 Fed.Appx. 160, 2006 U.S.App. LEXIS® 21536, 2006 WL 2433969 (4th Cir., Aug. 23, 2006) (upholding $3200 award to prisoner where asthmatic prisoner exposed to environmental tobacco smoke for thirty-two months).

This court cannot "fire" the defendant from her job. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

In this civil rights action, this federal court cannot order a state or federal criminal investigation of the defendant. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; and *Brown v. Briscoe*, 998 F.2d 201, 202-204

& n. * (4th Cir. 1993). *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

June 27, 2008                                          s/Joseph R. McCrorey
Columbia, South Carolina                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).